PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| YOLANDA JONES, | ) | |
| | ) | CASE NO. 5:13CV1781 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| ACTING COMMISSIONER OF | ) | **MEMORANDUM OF OPINION** |
| SOCIAL SECURITY, | ) | **AND ORDER RE: AFFIRMING** |
| | ) | **COMMISSIONER'S DECISION** |
| Defendant. | ) | [Resolving ECF No. 22] |

An Administrative Law Judge ("ALJ") denied Yolanda Jones's claim for supplemental security income ("SSI") benefits after a hearing held on April 30, 2012 in the above-captioned case. That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. The claimant sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge Nancy A. Vecchiarelli for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). After both parties filed briefs, the magistrate judge submitted a Report and Recommendation reasoning that the Commissioner's decision that Plaintiff is not disabled should be affirmed. *See* ECF No. 21.

**I.**

When the magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report and Recommendation to which an

(5:13CV1781)

objection has been made.  28 U.S.C. § 636(b).  Objections to the Report and Recommendation must be specific, not general, in order to focus the court's attention upon contentious issues. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).  The primary issue then becomes whether substantial evidence supports the Commissioner's decision.  The Court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. Hephner v. Mathews, 574 F.2d 359, 362 (6th Cir. 1978); Brown v. Astrue, 649 F.3d 193, 195-96 (3d Cir. 2011) (discussing the standard of review a district court should apply when reviewing a magistrate judge's findings in an SSI claim).  Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance.  Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id. (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Besaw v. Sec'y of Health and Human Servs., 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently.  Cutlip v. Secretary of Health and Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (citing Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983)).  Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion.  Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).  This "standard allows considerable latitude to administrative decision makers.  It presupposes that there is a zone of choice within which the decisionmakers

(5:13CV1781)

can go either way, without interference by the courts.  An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).  However, in determining whether substantial evidence supports the ALJ's findings in the instant matter, the court must examine the record as a whole and take into account what fairly detracts from its weight.  *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  The court must also consider whether the Commissioner employed the proper legal standards.  *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

In order for the Commissioner to find that a plaintiff suffers from a disability for which she should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).  Under 42 U.S.C. § 1381, disabled individuals who meet certain income and resources requirements are entitled to SSI benefits.  20 C.F.R. §§ 416 .1100 and 416.1201.

## II.

The Court has reviewed the Report and Recommendation (ECF No. 21) of the magistrate judge *de novo*.  The Court has also considered Plaintiff's Objections (ECF No. 22) and Defendant's Response (ECF No. 23).  Plaintiff argues that the magistrate judge erred in finding that substantial evidence supports the ALJ's decision.  Plaintiff specifically objects that the magistrate judge erred by identifying Dr. Soni's opinion that Plaintiff could return to work

3

(5:13CV1781)

without limitation in August 2010 as credible evidence supporting the ALJ's finding that Plaintiff was not disabled.  Next, Plaintiff objects to the magistrate judge's finding that the substantial evidence supporting the ALJ's decision includes the opinions of the state agency physicians.  Finally, Plaintiff objects that the evidence fails to support the ALJ's Residual Functional Capacity ("RFC") assessment.  The Court finds that Plaintiff's Objections (ECF No. 22) raise no arguments (factual or legal) that have not been fully addressed by the magistrate judge's Report and Recommendation (ECF No. 21).  The Court agrees with the magistrate judge that the administrative record contains substantial evidence to support the ALJ's reasons for finding that Plaintiff can perform a limited range of light work as defined in 20 C.F.R. § 416.967(b).

    **A.  Dr. Soni's Opinion**

On May 5, 2010, Prassana L. Soni, M.D. opined that Plaintiff could return to work without limitation on August 1, 2010.  ECF No. 15 at PageID #: 503.  The magistrate judge found this to be credible evidence to support the ALJ's RFC assessment.  ECF No. 21 at PageID #: 20.  Plaintiff claims that Dr. Soni's opinion is nothing more than a hopeful projection or speculation and unsupported by the evidence dated after May 2010.  ECF No. 22 at PageID #: 690-91.

The Court finds that the ALJ referenced ample evidence dated after May 2010 that supported his conclusion that Plaintiff continued to have the ability to perform less than the full range of light work, including the normal examination findings documented by Plaintiff's treating physicians.  *See* ECF No. 15 at PageID #: 86-90.  So, Dr. Soni's opinion is in conformity

(5:13CV1781)

with the other evidence in the record. In any event, Plaintiff's objection is not well taken because neither the ALJ nor the magistrate judge exclusively relied on Dr. Soni's opinion as the basis for their decisions.

### B. State Agency Physicians' Opinions

William Bolz, M.D. and W. Jerry McCloud, M.D. are non-examining state agency physicians, who both opined (on July 1, 2010 and February 18, 2011, respectively) that Plaintiff retained work-related abilities despite her physical impairments. *See* ECF No. 15 at PageID #: 133-35; 151-52. Plaintiff asserts that the ALJ did not mention in his decision the opinions of these "Defendant-employed file-review doctors." ECF No. 22 at PageID #: 689-91. Plaintiff's claim is directly contradicted by the ALJ's statement in the decision that he considered the opinions of the state agency physicians. *See* ECF No. 15 at PageID #: 82.

Plaintiff also objects that the opinions of the state agency physicians were given before the record was complete and did not account for changes in her medical condition due to two more motor vehicle accidents on March 30, 2011[1] and September 9, 2011. ECF No. 22 at PageID #: 691-93. The Court of Appeals for the Third Circuit has held that an ALJ may rely on a state agency medical consultant even where additional medical records were created in the time between the consultant's opinion and the ALJ's decision. As stated by the Third Circuit:

> because state agency review precedes ALJ review, there is always some time lapse between the consultant's report and the ALJ hearing and decision. The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it. Only where "additional medical

---

[1] The ALJ noted in his decision that the medical evidence does not contain an emergency department report corresponding with this incident. ECF No. 15 at PageID #: 87.

5

(5:13CV1781)

> evidence is received that *in the opinion of the [ALJ]* . . . may change the State agency medical . . . consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing," is an update to the report required. SSR 96-6p (July 2, 1996). . . .

*Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3rd Cir. 2011) (emphasis in original); *see also McGrew v. Comm'r of Soc. Sec.*, 343 Fed.Appx. 26, 32 (6th Cir. 2009) (rejecting argument that ALJ improperly relied on outdated state agency physicians' opinions because it was "clear from the ALJ's decision, however, that he considered the medical examinations that occurred after" the date of those opinions). Here, the fact that approximately one year passed between the creation of the last report, *i.e.* February 2011, and the ALJ's hearing and decision in 2012 does not invalidate or otherwise undermine the opinions of Dr. Bolz and Dr. McCloud.

### C.  RFC Assessment

"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b). The ALJ found that Plaintiff can perform less than the full range of light work as defined in 20 C.F.R. § 416.967(b) in a workday. ECF No. 15 at PageID #: 84. The finding was based, in part, on the opinions of Drs. Bolz and McCloud, the state agency medical consultants. *See* ECF No. 15 at PageID #: 134 and 151.

Plaintiff objects that the evidence failed to support the ALJ's RFC assessment. ECF No. 22 at PageID #: 689-90; 691; and 694. Plaintiff argues "there is simply not adequate evidence to support a finding that Plaintiff could lift and carry 20 pounds occasionally and remain on her feet either standing or walking for six hours daily, and sustain this level of activity for five days per week." ECF No. 22 at PageID #: 693-94. This complaint lacks merit because even with the

6

(5:13CV1781)

effects of Plaintiff's physical impairments, there is substantial evidence that she could perform a limited range of light work. See Curler v. Comm'r of Soc. Sec., 561 Fed.Appx. 464, 473 (6th Cir. 2014) (affirming the ALJ's finding that the claimant retained the RFC to perform a limited range of light work and conclusion that the claimant was not disabled).

Additionally, consistent with the regulations and explanations by the Commissioner, the ALJ stated: "[a]n impairment or combination of impairments is 'not severe' when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work (20 C.F.R. § 416.921; Social Security Rulings ( SSRs) 85-28, 96-3p, and 96-4p)." ECF No. 15 at PageID #: 80. The ALJ found that "despite the claimant's assertions of ongoing back and neck pain, physical examinations, included in the record have consistently, albeit not universally, reported either minimal [abnormal findings] or normal findings." ECF No. 15 at PageID #: 85. The normal examination findings documented by Plaintiff's treating physicians are set forth at pages 23-27 of the ALJ's decision. ECF No. 15 at PageID #: 86-90. One of the abnormal findings is Dr. Gregory J. Gordon's note, written on Plaintiff's behalf, requesting that Plaintiff be excused from jury duty because she was unable to sit for long periods without experiencing pain and stiffness. ECF No. 15 at PageID #: 612. The ALJ gave his opinion little weight because "his opinion that the claimant is unable to sit for extended periods is inconsistent with his repeated findings of only mild to moderate tenderness in the claimant's lumbar region." ECF No. 15 at PageID #: 88. The ALJ, therefore, properly weighed the evidence.

The Court adopts the magistrate judge's finding that "the ALJ did not ignore relevant

(5:13CV1781)

evidence tending to support Plaintiff's claim for disability; rather, he weighed the evidence–both the normal and abnormal findings–and concluded that, even with the effects of her physical impairments, Plaintiff could perform a limited range of light work." ECF No. 21 at PageID #: 684. The ALJ properly took into account the medical evidence and developed a proper RFC. The relevant record evidence supports the ALJ's conclusion that Plaintiff has the RFC to perform a limited range of light work. Therefore, this final objection is overruled.

### III.

Accordingly, Plaintiff's Objections (ECF No. 22) are overruled and the Report and Recommendation (ECF No. 21) of the Magistrate Judge is hereby adopted. The decision of the Commissioner is affirmed. Judgment will be entered in favor of Defendant.

IT IS SO ORDERED.

  September 12, 2014                     /s/ Benita Y. Pearson
Date                                     Benita Y. Pearson
                                         United States District Judge